

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00035-CR

**ERIC RAY MARTINEZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-1154-C2

_____

## MEMORANDUM OPINION

_____

Eric Ray Martinez was convicted of the offenses of continuous sexual abuse of young children (Count I) and indecency with a child (Count II). TEX. PENAL CODE ANN. §§ 21.02; 21.11 (West 2011). He was sentenced to 99 years in Count I and 20 years in Count II. The sentence in Count II was ordered to be served consecutively to the sentence in Count I. Because the Double Jeopardy Clause was not violated, the evidence was sufficient to support the conviction for continuous sexual abuse of young

children, and the trial court did not err in declining to submit a lesser-included offense instruction, the trial court's judgments as to Counts I and II are affirmed.

**BACKGROUND**

M.M. and A.P. are sisters. In August of 2011, they moved, with their family, into a new home. A short time later, their cousin, Janie, her two children, and Martinez moved in with them. A few weeks after he moved in, Martinez began sexually abusing M.M and A.P. When they told their mother in mid-December of 2011 about the abuse, Martinez, Janie, and Janie's children moved out of the house.

**DOUBLE JEOPARDY**

In his first issue on appeal, Martinez argues that the conviction and sentence for the offense of indecency with a child by contact (Count II) violates the Double Jeopardy protection offered by the Fifth Amendment to the United States Constitution. Specifically, he contends that although the offense of indecency with a child by touching the breast of the child is specifically excluded from the type of predicate act of sexual abuse to be considered in an offense for continuous sexual abuse of a young child or young children, the legislature could not have meant for that particular offense to be excluded. Thus, his argument continues, because the victim was the same in each count, Count II violated the Double Jeopardy Clause.

A person commits the offense of continuous sexual abuse of a young child or young children if the person commits two or more acts of sexual abuse, regardless of whether the acts are committed against one or more victims, during a period that is

thirty or more days in duration and the victim is a child younger than fourteen years of age and the actor is seventeen years of age or older. TEX. PENAL CODE ANN. § 21.02(a) (West 2011). The statute defines "acts of sexual abuse" as including:

> (2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner *other than by touching*, including touching through clothing, *the breast of a child*;
>
> (3) sexual assault under Section 22.011;
>
> (4) aggravated sexual assault under Section 22.021[.]

*Id*. § 21.02(c)(2)-(4) (emphasis added).

The Double Jeopardy Clause protects an accused against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 164-65, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010). When an appellant does not raise a double jeopardy claim in the trial court, as here, he must show that any double jeopardy violation is apparent on the face of the record. *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006). We conclude that Martinez has not sustained his burden.

Martinez was charged with various acts constituting the offense of continuous sexual abuse of young children. He has no complaint about the way that offense was charged. Martinez was also charged with the offense of indecency with a child by contact. The specific contact alleged was touching M.M.'s breast. The statute specifically excludes this type of conduct as an "act of sexual abuse" in the offense of continuous sexual abuse of a young child or young children. There is nothing in the

record that suggests Martinez could not be charged with and convicted of both of these offenses; further, the trial court would not have known of any potential double jeopardy problem without evidence from Martinez showing otherwise. *See Shaffer v. State*, 477 S.W.2d 873, 875 (Tex. Crim. App. 1971).

Accordingly, a double jeopardy violation is not apparent on the face of the record, and Martinez' complaint has not been preserved for our review. His first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

Martinez next contends that the evidence was insufficient to support his conviction for continuous sexual abuse of young children because the evidence failed to show the abuse occurred over a period of 30 days or more.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2005); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). A child victim is not required to be specific about the dates the abuse occurred. *See Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) ("Especially where young children are involved, we have cautioned that courts cannot impose unrealistic expectations regarding proof of when an offense actually occurred[.]"); *Sledge v. State*, 953 S.W.2d 253, 256 n.8 (Tex. Crim. App. 1997) ("[I]t is not often that a child knows, even within a few

days, the date that she was sexually assaulted."); *Williams v. State*, 305 S.W.3d 886, 890 (Tex. App.—Texarkana 2010, no pet.).

Martinez contends that because M.M. testified the abusive acts to her began 2-4 months after Martinez moved in with M.M.'s family, the evidence was insufficient to show the abuse occurred over a period of 30 days or more. We disagree with Martinez's argument. The offense was alleged to have occurred against both M.M. and A.P. The statute allows for the commission of the offense to include acts against multiple victims over the course of thirty days or more. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2011) ("during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims…."). It does not require that the acts occurring against each victim must be committed over the course of 30 days or more. If a period of 30 days for each child victim was required, Martinez would have been charged with two offenses, one for each child.

M.M. testified that Martinez began abusing her 2-4 months after moving in, that Martinez sexually abused M.M. every other day for more than ten times, and that nothing more had happened to M.M. approximately two weeks before she told her mother about the abuse to both M.M. and A.P. A.P. testified that Martinez began sexually abusing her within a few weeks of Martinez moving in with A.P.'s family and continued for about five days each week. Construed in the light most favorable to the

verdict, this testimony permitted the jury to infer beyond reasonable doubt that the acts of sexual abuse of M.M. and A.P., together, occurred over a period of 30 days or more.

Martinez's second issue is overruled.

**LESSER INCLUDED OFFENSE**

Lastly, Martinez asserts that the trial court erred in refusing his request for a lesser-included-offense instruction of aggravated sexual assault.

Courts apply the *Aguilar/Rousseau* test to determine whether an instruction on a lesser-included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). First, we determine if the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos*, 382 S.W.3d at 382; *Hall*, 225 S.W.3d at 535-36. If this threshold is met, we then consider whether some evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *See Cavazos*, 382 S.W.3d at 382; *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

No one disputes that aggravated sexual assault is a lesser-included offense of continuous sexual abuse of a young child or young children. *See Soliz v. State*, 353 S.W.3d 850, 852 (Tex. Crim. App. 2011). Martinez argues, however, he was entitled to a lesser-included-offense instruction because the jury could have disbelieved M.M's and A.P.'s testimony that the acts of sexual abuse occurred for 30 days or more. It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; rather, there must be some evidence directly germane to a lesser-included offense for

the factfinder to consider before an instruction on a lesser-included offense is warranted. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003); *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). That a jury could disbelieve M.M.'s and A.P.'s testimony regarding the date range for the continuous sexual abuse is not affirmative evidence that the abuse did not occur for 30 days or more. No evidence relevant to the issue of whether the abuse did not occur for the required number of days was presented.

Accordingly, the second prong of the *Aguilar/Rousseau* test was not met, and the trial court did not err in refusing to submit an instruction on the lesser-included offense of aggravated sexual assault. Martinez' third issue is overruled.[1]

CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

---

[1] We also note that in this instance, it would not be a single charge for aggravated sexual assault as argued by Martinez on appeal. Based on the testimony of the victims, the "lesser included" would have been for as many as 30 separate offenses of aggravated sexual assault. M.M. testified to being assaulted every other day for more than 10 times, and A.P. testified to being assaulted five times per week after the assaults began. If we assumed for the purposes of this issue these assaults happened during the same time frame of less than 30 days as required for these to be lesser-included offenses, the assaults would be for four weeks, or 20 assaults against A.P. Thus, the "lesser included" would be for as many as 30 separate offenses.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 9, 2014
Do not publish
[CRPM]

